**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **REID JOHNSTON,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 4:15-cv-00170 |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| **CAPIO PARTNERS, LLC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the plaintiff, REID JOHNSTON, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, CAPIO PARTNERS, LLC., the plaintiff states as follows:

**I.   PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

**II.   JURISDICTION & VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**III.   PARTIES**

4. REID JOHNSTON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Louisville, County of Jefferson, State of Kentucky.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Morton Plant No Bay Hospital (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Morton Plant No Bay Hospital was for a medical bill.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. CAPIO PARTNERS, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kentucky. Defendant's principal place of business is located in the State of Texas. Defendant is registered as a limited liability company in the State of Texas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. <u>ALLEGATIONS</u>

14. On or about January 13, 2015, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff.

15. The aforesaid correspondence was Defendant's initial communication with Plaintiff.

16. The aforesaid correspondence did not contain a statement that unless Plaintiff, within thirty days after receipt of said correspondence, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

17. The aforesaid correspondence did not contain a statement that if Plaintiff notified Defendant in writing within the thirty-day period following his receipt of Defendant's correspondence, that the debt, or any portion thereof, is disputed, then Defendant will obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by Defendant.

18. The aforesaid correspondence did not provide Plaintiff with notification of his rights under the FDCPA.

19. In its attempts to collect the debt allegedly owed by Plaintiff to Morton Plant No Bay Hospital, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

20. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

21. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, REID JOHNSTON, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**REID JOHNSTON**

By:    s/ Leroy B. Scott
       Attorney for Plaintiff

Dated: March 13, 2015

Leroy B. Scott  (Bar # 24083824)
SMITHMARCO, P.C.
3131 McKinney Ave, Ste. 600
Dallas, TX 75204
Direct Dial: (212) 329-4717
Facsimile: (888) 418-1277
E-Mail: lscott@smithmarco.com